## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JAYLA BROWN & ELETHEA CURRY**, on behalf of themselves and others similarly situated, | ) ) ) |
| | ) **C.A. NO.** |
| Plaintiffs, | ) ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) **COLLECTIVE ACTION PURSUANT** |
| **BROOKDALE SENIOR LIVING, INC.** | ) **TO 29 U.S.C. § 216(b)** |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Named Plaintiffs Jayla Brown and Elethea Curry, individually and on behalf of others similarly situated, file their Collective Action Complaint against Defendant Brookdale Senior Living, Inc. for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Named Plaintiffs' FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge of Named Plaintiffs' conduct and are based on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.    Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Defendant is incorporated in Delaware, and because a substantial part of the events and omissions giving rise to Named Plaintiffs' claims occurred in this District.

1

II.    **PARTIES**

    A.    **Named Plaintiff Brown**

3.    Named Plaintiff Jayla Brown is an individual, a United States citizen, and a resident of Ohio.

4.    Named Plaintiff Brown worked for Defendant at its facility in Westlake, Ohio as an hourly, non-exempt employee as defined in the FLSA in the role of Caregiver from May 2023 to September 2023.

5.    At all relevant times, Named Plaintiff Brown primarily performed non-exempt duties for Defendant.

6.    Named Plaintiff Brown's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

    B.    **Named Plaintiff Curry**

7.    Named Plaintiff Elethea Curry is an individual, a United States citizen, and a resident of Ohio.

8.    Named Plaintiff Curry worked for Defendant at its facility in Westlake, Ohio as an hourly, non-exempt employee as defined in the FLSA in the role of Caregiver from approximately 2024 until May 2025.

9.    At all relevant times, Named Plaintiff Curry primarily performed non-exempt duties for Defendant.

10.    Named Plaintiff Curry's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit B**.

    C.    **Opt-In Plaintiffs**

11.    Named Plaintiffs also file completed Consent to Join forms for Ayana Thornton,

Marissa Covington, and Venezuela Brown ("Opt-in Plaintiffs"). *See* **Exhibit C**. The Opt-In Plaintiffs are similarly situated employees who worked at various facilities owned and operated by Defendant around the country.

### D.    **Defendant**

12.    Defendant is a for-profit domestic corporation registered to conduct business in Delaware. Defendant operates more than 600 senior living communities in 41 states.[1] Defendant is in the business of providing a variety of senior care services at its communities including independent living services, assisted living services, memory care services, skilled nursing services, continuing care retirement communities, and at home care services.[2]

13.    At all relevant times, Defendant was an "employer" as the FLSA defines that term due to its employment of Named Plaintiffs, Opt-in Plaintiffs, and those similarly situated as described herein.

14.    At all relevant times, Defendant has exercised and continues to exercise direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees at all locations operated and managed by Defendant. At all relevant times, Defendant has exercised and continues to exercise that authority and control over Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees.

15.    At all relevant times, Defendant has possessed and continues to possess the authority to hire and fire Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated

---

[1] *See Locations*, BROOKDALE SENIOR LIVING, https://www.brookdale.com/en/locations.html (last visited February 16, 2026).
[2] *See Our Services,* BROOKDALE SENIOR LIVING, https://www.brookdale.com/en/our-services.html (last visited February 16, 2026).

employees, supervise and control their work schedules and conditions, determine their rate and method of pay, and/or maintain their employee records.

16.    At all relevant times, Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–07.

17.    At all relevant times, Defendant, as a corporation providing senior healthcare and living services for clients, was an enterprise engaged in commerce or the production of goods for commerce as defined in the FLSA. More specifically, Defendant was an enterprise engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institutions.

18.    At all relevant times, Defendant suffered, permitted, and continues to suffer or permit Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees to work.

19.    The work that Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees performed was for Defendant's benefit.

20.    During relevant times, Defendant maintained and continues to maintain control, oversight, and direction over Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

21.    Named Plaintiffs bring this action on behalf of themselves, Opt-in Plaintiffs, and those similarly situated.

22.    Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment and compliance with the FLSA, including overtime wages, timekeeping, maintenance of records, etc.

23. At all relevant times, Defendant had and continues to have an annual gross volume of sales made, or business done, of not less than $500,000 each year.

24. Based on information and belief, Defendant was fully aware at all relevant times that it was legally required to comply with the wage and overtime laws of the United States.

III. **FACTUAL ALLEGATIONS**

25. Defendant employed Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated direct care employees as hourly, non-exempt employees.

26. Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated direct care employees worked more than 40 hours in one or more workweek(s) or were scheduled to work at least 40 hours in one or more workweek(s).

27. Defendant automatically deducted time from Named Plaintiffs', Opt-in Plaintiffs', and other similarly situated employees' recorded work hours for a daily meal break.

28. Because of staffing shortages, the heavy workload, and the need to prioritize resident care, Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees took a shortened meal break, had their meal break interrupted with substantive job duties, or did not take any meal break.

29. Defendant took a daily meal break deduction from its direct care employees' hours worked, regardless of whether Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees received an uninterrupted meal break.

30. Defendant did not maintain or implement a legitimate and reasonable policy and/or practice whereby Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated direct care employees could identify and report occasions when they did not have a bona fide meal break,

such that they would receive credit (i.e., compensation) for those missed, shortened, and/or interrupted meal breaks.

31.    At all relevant times, Defendant's companywide policies and/or practices described above suffered or permitted Named Plaintiffs, Opt-in Plaintiffs, and those similarly situated to work more than 40 hours per workweek while not compensating them for overtime premiums for all such hours worked.

32.    Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated direct care employees typically worked more than forty hours per week. Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated direct care employees performed work during their meal breaks, which resulted in interrupted or missed meal breaks during workweeks when they performed 40 or more hours of work. Consequently, Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated direct care employees did not receive all overtime wages they earned due to the practices and policies alleged above in such workweeks where they performed 40 or more hours of work.

33.    Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and hour laws of the United States.

34.    During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

35.    The FLSA requires Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

36.    For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime

compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. See 29 C.F.R. § 516.2.

37.     Defendant failed to track, keep, or transmit the hours accurately worked each day by Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated direct care employees.

38.     Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which did not include all work performed, having the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiffs and other similarly situated direct care employees.

39.     Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements

40.     Defendant possesses and controls documents, records, and data needed to calculate the amount of unpaid overtime owed to Named Plaintiffs, Opt-in Plaintiffs, and those similarly situated direct care employees, or otherwise failed to maintain such records. These documents include complete pay records for the statutory period, raw (unrounded) time clock punches, badge swipe records, and detailed time records for the statutory period.

41.     As a result of Defendant's exclusive possession of, or failure to maintain, the preceding documents, Named Plaintiffs are unable to calculate the total amount of unpaid overtime owed.

## IV.    FLSA COLLECTIVE ACTION ALLEGATIONS

42.     Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves, Opt-In Plaintiffs, and all other similarly situated

direct care employees of the opt-in collective, consisting of:

> **All of Defendant's current and former hourly direct care employees who were paid for 40 or more hours of work during a workweek in which they had a meal break deduction, beginning 3 years preceding the filing date of this Complaint and continuing through final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").**

43.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiffs and Opt-In Plaintiffs, numerous current and former direct care employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiffs are representatives of the FLSA Collective and are acting on behalf of their interests as well as their own in bringing this action.

44.     These similarly situated direct care employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may be readily notified of this action and permitted to opt in pursuant to 29 U.S.C. § 216(b) to collectively adjudicate their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## V.     CAUSE OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

45.     Named Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

46.     This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves, Opt-In Plaintiffs, and the FLSA Collective.

47.     The FLSA requires that employees receive overtime compensation for hours worked in excess of 40 per workweek. 29 U.S.C. § 207(a)(1).

48.    During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members.

49.    Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members regularly worked in excess of 40 hours in various workweeks.

50.    Defendant violated the FLSA with respect to Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective by failing to compensate them for overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

51.    Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq.*

52.    Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

53.    Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members are entitled.

54.    The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

55.    As a direct and proximate result of Defendant's conduct, Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest,

attorneys' fees, and all other remedies available on behalf of themselves, Opt-In Plaintiffs, and the FLSA Collective Members.

## VII.      PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendant and for an Order:

A.      Directing Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, remuneration, timekeeping, and related records of the FLSA Collective;

B.      Directing Defendant to provide all contact information, including but not limited to names, dates of employment, mailing addresses, telephone numbers, and email addresses of the FLSA Collective;

C.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

D.      Finding that Defendant failed to keep accurate records in accordance with the FLSA and that, as a result, Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

E.      Awarding to Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members unpaid overtime wages to be determined at trial, together with any liquidated damages allowed by the FLSA;

F.      Awarding to Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts, as well as reimbursement of expenses and pre and post-judgment interest;

10

G.      Awarding to Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members any such other and further relief as the Court deems just and proper;

H.      Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I.      Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

## JURY DEMAND

Named Plaintiffs requests a trial by a jury of eight (8) persons.

Dated: February 17, 2026                        Respectfully submitted,

Of Counsel:                                     FARNAN LLP

Matthew J.P. Coffman                            /s/ Michael J. Farnan
Adam C. Gedling                                 Brian E. Farnan (Bar. No. 4089)
Tristan T. Akers                                Michael J. Farnan (Bar No. 5165)
COFFMAN LEGAL, LLC                              919 North Market Street, 12th Floor
1550 Old Henderson Rd                           Wilmington, DE 19801
Suite #126                                      Telephone: (302) 777-0300
Columbus, Ohio 43220                            Facsimile: (302) 777-0301
Phone: 614-949-1181                             bfarnan@farnanlaw.com
Fax: 614-386-9964                               mfarnan@farnanlaw.com
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com                      *Attorneys for Named Plaintiffs and those*
takers@mcoffmanlegal.com                        *Similarly Situated*

11